Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

PEOPLE'S ELECTRIC COOPERATIVE, INC., Defendant.

No. 73–44.

United States District Court, E. D. Oklahoma, Civil Division.

March 5, 1974.

James F. Gruben, Dallas, Tex., for plaintiff.

Bob E. Bennett, Ada, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

In this action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (Act) it is claimed that the Defendant has violated the provisions of the Act prohibiting sex discrimination by paying its Time (Payroll) and Materials Clerk, a male, Mr. Fussell, $3.-55 per hour and paying two Cashier-Receptionists, a Billing Clerk and a Capital Credit Clerk, all females, only $3.-20 per hour. Plaintiff also refers to two former female employees of Defendant who occupied some of the same positions as the above females. It is admitted that the Defendant is under the Fair Labor Standards Act.

The evidence discloses that Mr. Fussell prepares the monthly payrolls for the Defendant's approximately sixty (60) employees. He does this from daily time sheets and computes social security, withholding, both State and Federal, a half dozen varied deductions and applies the appropriate rate of pay to the hours worked. Mr. Fussell also maintains the Defendant's inventory of materials. This includes approximately 220 different items. Additions and removals from such inventory are maintained by Mr. Fussell. He is also required to compute and maintain an average price on each item of equipment in inventory. This information is furnished to the Engineering Department for its activities in connection with the use of such inventory materials and the ultimate establishment of project costs and assessments. The General Manager of Defendant also calls on Mr. Fussell for certain data reports which he uses in planning for load projections for as much as twenty years in the future and in making annual loan applications by Defendant. Mr. Fussell has other duties but his principal duties are payroll preparation, maintenance of records of material in inventory, accomplishing item prices on inventory materials for the Engineering Department and preparing reports for the General Manager which he uses in determining Defendant's future planning and financing.

The two female Cashier-Receptionists for the first ten days of each month accept and receipt for cash utility payments made over the counter at the office by Defendant's customers, open the incoming mail containing utility payments by customers and prepare the daily deposits of such income for the Defendant's bank account. Billing Department personnel assist these employees during this ten-day period. These employees also receive customer complaints and handle those that they can. The more serious complaints are referred to other personnel.

The female Billing Clerk (there are three such Clerks, one female and two males—all paid the same wage rate) prepares billings to Defendant's customers starting about the twentieth day of each month. This procedure continues until the end of the month. Bill-

ings are prepared from ledger sheets and meter cards sent in by the customers. This work includes preparation of addressograph cards used in the billing procedure.

The female Capital Credit Clerk (the only one in her department) for about six to seven months each year computes the credits each customer earns under a policy and formula of the company. When not so occupied this Clerk assists the Cashier-Receptionists and Billing Clerk personnel in their duties. She also works with meters and transformers.

One of the former female employees according to the evidence worked in the Billing Department. The other employee handled only whatever she was told to do. This included work in the Billing Department, assisting the Capital Credit Clerk and the Cashier-Receptionists, doing filing, typing letters and answering the telephone.

The pertinent provision of the Act, 29 U.S.C. § 206(d)(1) provides:

"(d)(1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided,* That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions

of this subsection reduce the wage rate of any employee."

Plaintiff claims that the Defendant discriminated on the basis of sex with reference to Mr. Fussell and the females above referred to by paying Mr. Fussell $3.55 per hour and the females only $3.20 per hour and that all are doing equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions. The parties agree that similar working conditions prevail as to these employees and that none of the stated exceptions are present. They are in disagreement, however, as to the performance of the several jobs requiring equal skill, effort and responsibility. The evidence discloses that the jobs that Mr. Fussell and the female employees are performing are not interchangeable, that is, they are different jobs and Mr. Fussell has no capacity to do the jobs of the females and the females have no capacity to do his jobs on an interchangeable basis and the Court so finds.

From the evidence the Court factually finds and legally concludes that Mr. Fussell and the females are not doing equal work on jobs the performance of which require equal skills, effort and responsibility. Though all of the employees being considered have several minor tasks to perform, basically the evidence reveals that the females receive customer payments each month over the counter and by mail, prepare the monthly billings to customers from ledger sheet data, meter cards and rate charts and compute customer capital credits under an established formula. Though these tasks are necessary company activities as the company must bill its customers and collect payments from them, these tasks for the most part are highly clerical and ministerial and do not require much skill, effort or responsibility. To the contrary, the Court finds from the evidence that the activities of Mr. Fussell in preparing the company payrolls, in maintaining the

company material inventory, in establishing average prices therefrom for the Engineering Department and in preparing important reports for the use of the General Manager in planning future load growth and loan applications involve not equal but considerably more skill, more effort and entails more responsibility than the billing of customers, receiving their payments and computing capital credits.

Title 29 CFR Part 800 sets forth the following tests with reference to equal skill, equal effort and equal responsibility as those terms are used in the above mentioned Statute as follows:

"a) *Equal skill*—C.F.R., § 800.125. This includes factors such as experience, training, education and ability. This must be measured in terms of performance requirements of the job. If an employee must have essentially the same skill in order to perform either of two jobs, the jobs will qualify under the Act as requiring equal skill.

b) *Equal effort*—29 C.F.R., § 800.127 —Effort is concerned with physical or mental exertion for job performance. A wage rate differential based on differences in the degree or amount of effort required for performance of jobs must be applied uniformly to men and women.

c) *Equal Responsibility*—29 C.F.R., § 800.129—This is concerned with the degree of accountability required in the performance of the job with emphasis on the importance of job obligation."

The Court finds from the evidence that the job of Mr. Fussell in making company payrolls, keeping an inventory of company materials, ascertaining average prices on all inventory items and preparing reports for the general manager requires considerably more skill, effort and responsibility than the jobs of the female employees in collecting utility payments, sending out utility bills and computing capital credits. Knowing all the intricacies about payroll preparation to include withholdings and deductions, keeping a running inventory and average prices on approximately 220 items of material and preparing statistical reports for the General Manager simply entails more skill, effort and responsibility than receiving cash and check utility payments, depositing the same, billing customers and computing capital credits. The performance requirements of Mr. Fussell are greater than those of the females, more mental exertion is required and there is more accountability and importance attached to his job than those of any of the females. The General Manager of Defendant is of this opinion and in general so testified. He did not discredit the need for the services of the females and the Defendant must have these services to function; however, in his opinion and experience the services of Mr. Fussell required more skill, effort and carried more responsibility. Hence, the Defendant provided slightly more compensation for Mr. Fussell than the personnel in the other departments involved in this litigation.

Moreover, the Court finds no pattern of sex discrimination in the Defendant's operation. Two females in the office doing administrative work make more than Mr. Fussell and one other female makes the same as he does. Two males in the Billing Department make the same wage that the females make and the males are college graduates.

Plaintiff's complaints of sex discrimination by Defendant are not supported by the evidence in the opinion of the Court and Plaintiff's action should therefore be dismissed. Counsel for Defendant will prepare an appropriate Judgment based on the foregoing, present the same to opposing counsel and then the Court for signature and entry herein.